IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY RINDAHL,

                Plaintiff,                              ORDER

      v.                                            11-cv-121-slc

DAUGAARD, TIM RIESCH, D. WEBER, D. SLYKHUS,
O. SPURRELL, T. PONTO, DR. REGIER, FANTROY,
DITTMONSON, WOODWORD, LINNIWEBER,
VAN VORNE, J. MILLER, RODOSKY, ROSHIEM,
J. SPURRELL, JOHNSON, LARSON, S. KAYLA,
ED LIGHTENBERG, MULLIN, G. TAYLOR,
DURREN HOLLINGSWORTH and D. YOUNG,

                Defendants.

---

RANDY RINDAHL,

                Plaintiff,                              ORDER

      v.                                            11-cv-122-slc

DAUGAARD, TIM RIESCH, D. WEBER, D. SLYKHUS,
T. PONTO, VAN VORNE, LINNIWEBER, BAKER,
J. MILLER, DITTMONSON, M. WAAGMEERSTER,
J. OAKLEY, S. SPURRELL, TERMEER, WILLIAMS,
BEAVER, D. YOUNG, JOHNSON, ANDERSEN,
ANDREW E. COOPERMAN, KAYLA TINKER,
DR. RIGIER JEFF LUTHER and DUREEN HOLLINGSWORTH,

                Defendants.

---

       Plaintiff Randy Rindahl has filed proposed complaints in each of these two actions and requests leave to proceed *in forma pauperis* in them. I must first determine whether plaintiff qualifies for *in forma pauperis* status under 28 U.S.C. § 1915(g), which bars a plaintiff from seeking pauper status if he has been assessed three strikes for bringing frivolous lawsuits.

My review of plaintiff's previous lawsuits shows that he has previously been assessed three strikes. *Rindahl v. Class*, no. Civ. 95-4207 (D.S.D. Sept. 29, 1995); *Rindahl v. Class*, no. Civ. 96-4116 (D.S.D. May 21, 1996); *Rindahl v. Class*, no. Civ. 96-4117 (D.S.D. May 21, 1996). In addition, I note that plaintiff has earned a previously unrecorded strike in *Rindahl v. Reisch*, case no. Civ. 10-4004-KES (D.S.D. June 17, 2010), because that entire case was dismissed for plaintiff's failure to state a claim upon which relief can be granted.

However, in a recent opinion, the Court of Appeals for the Seventh Circuit held that "a strike is incurred under § 1915(g) when an inmate's case is dismissed in its entirety based on the grounds listed in § 1915(g)," such as failure to state a claim upon which relief can be granted, rather than when only one claim out of several is dismissed under § 1915(g). *Turley v. Gaetz*, 625 F.3d 1005, 1012 (7th Cir. 2010). Under this rule, plaintiff's strikes in case nos. Civ. 96-4117 and Civ. 10-4004-KES remain valid, but courts in this circuit should not recognize the strikes in the other two cases because only some of plaintiff's claims in those cases were dismissed under § 1915(g). Because plaintiff has only two strikes, he is not barred from proceeding *in forma pauperis*.

Nevertheless, before this court may decide whether plaintiff may proceed with his claims, he will have to make initial partial payments of the filing fees as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act. Plaintiff's initial partial payments c cannot be calculated at this time because the South Dakota inmate banking system statement he submitted with his complaints does not cover the six-month period immediately preceding the filing of his complaint.

Plaintiff's complaints were received on February 15, 2011. His inmate banking system statement should cover the period beginning approximately August 15, 2010 and ending approximately February 15, 2011. Once plaintiff has submitted the necessary statement, I will calculate his initial partial payments and advise him of the amount he will have to pay before the court can screen the merits of his complaints under 28 U.S.C. § 1915(e)(2). Plaintiff should show a copy of this order to prison officials to make sure that they are aware they should send a copy of plaintiff's six-month trust inmate banking system statement to this court.

ORDER

IT IS ORDERED that plaintiff may have until May 30, 2011, in which to submit an inmate banking system statement for the period beginning August 15, 2010 and ending February 15, 2011. If, by May 30, 2011, plaintiff fails to respond to this order, I will assume that he wishes to withdraw these actions voluntarily. In that case, the clerk of court is directed to close these files without prejudice to plaintiff's filing the cases at a later date.

Entered this 9th day of May, 2011.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge