IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RANDY RINDAHL,

                Plaintiff,                          ORDER

   v.

                                                    11-cv-121-slc

DAUGAARD, TIM RIESCH, D. WEBER, D. SLYKHUS,
O. SPURRELL, T. PONTO, DR. REGIER, FANTROY,
DITTMONSON, WOODWORD, LINNIWEBER,
VAN VORNE, J. MILLER, RODOSKY, ROSHIEM,
J. SPURRELL, JOHNSON, LARSON, S. KAYLA,
ED LIGHTENBERG, MULLIN, G. TAYLOR,
DURREN HOLLINGSWORTH and D. YOUNG,

                Defendants.

---

RANDY RINDAHL,

                Plaintiff,                          ORDER

   v.

                                                    11-cv-122-slc

DAUGAARD, TIM RIESCH, D. WEBER, D. SLYKHUS,
T. PONTO, VAN VORNE, LINNIWEBER, BAKER,
J. MILLER, DITTMONSON, M. WAAGMEERSTER,
J. OAKLEY, S. SPURRELL, TERMEER, WILLIAMS,
BEAVER, D. YOUNG, JOHNSON, ANDERSEN,
ANDREW E. COOPERMAN, KAYLA TINKER,
DR. RIGIER JEFF LUTHER and DUREEN HOLLINGSWORTH,

                Defendants.

--------------------------------------------------------------------------------

       In an order dated May 9, 2011, I directed plaintiff Randy Rindahl, a prisoner at the South Dakota State Penitentiary in Sioux Falls, South Dakota, to submit a six-month inmate banking system statement so this court could determine whether he qualified to proceed *in forma pauperis* under 28 U.S.C. § 1915 on his civil proposed complaints. Plaintiff's deadline to submit the six-month inmate banking statement was May 30, 2011. Now plaintiff has filed a motion for extension of time to submit his statement. In his motion, plaintiff states that he has requested the banking statement from his institution and has provided an institution request

form as proof. Plaintiff may have a two-week extension until June 20, 2011 to submit his inmate banking system statement.

In his motion, plaintiff also asks the court to calculate his filing fees based on the information contained in the May 2011 banking statement submitted with his motion. This statement shows transactions and balances for the period of March 27, 2011 through April 27, 2011. Plaintiff's request will be denied. According to 28 U.S.C. § 1915 (a)(2), a prisoner's account statement must be for the six-month period immediately preceding the filing of the complaint. In plaintiff's case, his inmate banking statement must cover the period beginning approximately August 15, 2010 and ending approximately February 15, 2011. Congress has dictated the manner in which how fees are calculated for prisoners filing federal lawsuits and appeals, and I have no discretion to modify this method.

Once plaintiff has submitted the necessary statement, I will calculate his initial partial payments and advise him of the amount he will have to pay before the court can screen the merits of his complaints under 28 U.S.C. § 1915(e)(2). Plaintiff should show a copy of this order to prison officials to make sure that they are aware they should send a copy of plaintiff's six-month trust inmate banking system statement to this court.

ORDER

IT IS ORDERED that

1. Plaintiff's motion for recalculation of filing fees (dkts. #20, #20) is DENIED.

2. Plaintiff's motion for extension of time (dkts. #20, #20) is GRANTED. Plaintiff may have until June 20, 2011, in which to submit an inmate banking system statement for the

period beginning August 15, 2010 and ending February 15, 2011. If, by June 20, 2011, plaintiff fails to respond to this order, I will assume that he wishes to withdraw these actions voluntarily. In that case, the clerk of court is directed to close these files without prejudice to plaintiff's filing the cases at a later date.

Entered this 6th day of June, 2011.

BY THE COURT:

s/

STEPHEN L. CROCKER
Magistrate Judge