IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY RINDAHL,

                      Plaintiff,                      OPINION and ORDER

      v.                                                  11-cv-121-slc

DAUGAARD, TIM RIESCH, D. WEBER, D. SLYKHUS,
O. SPURRELL, T. PONTO, DR. REGIER, FANTROY,
DITTMONSON, WOODWORD, LINNIWEBER,
VAN VORNE, J. MILLER, RODOSKY, ROSHIEM,
J. SPURRELL, JOHNSON, LARSON, S. KAYLA,
ED LIGHTENBERG, MULLIN, G. TAYLOR,
DURREN HOLLINGSWORTH and D. YOUNG,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY RINDAHL,

                      Plaintiff,                      OPINION and ORDER

      v.                                                  11-cv-122-slc

DAUGAARD, TIM RIESCH, D. WEBER, D. SLYKHUS,
T. PONTO, VAN VORNE, LINNIWEBER, BAKER,
J. MILLER, DITTMONSON, M. WAAGMEERSTER,
J. OAKLEY, S. SPURRELL, TERMEER, WILLIAMS,
BEAVER, D. YOUNG, JOHNSON, ANDERSEN,
ANDREW E. COOPERMAN, KAYLA TINKER,
DR. RIGIER JEFF LUTHER and DUREEN HOLLINGSWORTH,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Randy Rindahl, a prisoner incarcerated at the South Dakota State Penitentiary, located in Sioux Falls, South Dakota, has filed two proposed complaints brought under 42 U.S.C. § 1983 and requests leave to proceed in forma pauperis in both cases.

Plaintiff alleges that defendants, the governor of South Dakota and various South Dakota Department of Corrections employees, have violated his rights in numerous ways, including retaliating against him for filing inmate grievances, failing to protect him from other inmates exposing him to HIV and using excessive force against him. Plaintiff has paid the initial partial payments of the filing fees as required.

Usually I would proceed to screen the complaints to see whether they state claims upon which relief may be granted, but my examination of the complaints leads me to consider the threshold issue whether this court may exercise personal jurisdiction over defendants.

Plaintiff has the burden to show that subjecting the defendant to suit in this state is consistent with both Wisconsin's long arm statute, Wis. Stat. § 801.05, and the due process clause. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 n.11 (7th Cir. 2003); Hyatt International Corp. v. Coco, 302 F.3d 707, 713 (7th Cir. 2002). Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 664 (7th Cir. 1986). It is unnecessary to consider Wisconsin's long arm statute because I conclude that this court does not have personal jurisdiction over defendants under the due process clause.

Under the due process clause, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Contacts that are "random, isolated, or fortuitous" are insufficient. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984). In other words, "[t]he minimum contacts with the forum state must be the result of the defendant's purposefully availing itself of the privilege of conducting business in the forum state, thereby invoking the protections and benefits of the forum state's law." Hy Cite, 297 F. Supp. 2d at 1158 (citing Hanson v. Denckla, 357 U.S. 235, 253 (1958); International Medical Group, Inc. v. American Arbitration Association, Inc., 312 F.3d 833, 846 (7th Cir. 2002)). The minimum contacts requirement serves two objectives: "[i]t protects against the burdens of litigation in a distant or inconvenient forum" unless the defendant's contacts make it just to force him or her to defend there, and "it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as co-equal sovereigns in a federal system." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980).

Personal jurisdiction under the due process clause is divided into two types, general and specific. Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 444 (7th Cir. 2010). General jurisdiction means that the defendant "may be called into court there to answer for any alleged wrong, committed in any place." uBID, Inc. v. GoDaddy Group, Inc., 623 F.3d 421, 425-26 (7th Cir. 2010). This

"is a demanding standard that requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." Id. The question for specific jurisdiction is whether the lawsuit "arises out of" or is "related to" a party's minimum contacts with the forum state. Requiring a nexus between a party's contacts and the parties' dispute adds a degree of predictability to the legal system by allowing potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit. Hyatt International Corp., 302 F.3d at 716.

In the present case, it is clear that defendants have no contacts with the state of Wisconsin. Plaintiff is incarcerated in a South Dakota prison and all of the defendants are South Dakota officials who allegedly violated his rights while he was in the state prison. Accordingly, I conclude that this court may not exercise personal jurisdiction over defendants.

28 U.S.C. section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Based on the location of the parties and the alleged events forming the basis for plaintiff's claims, it appears that the District of South Dakota is the most convenient forum for this litigation. Therefore, I will transfer these cases to the United States District Court for the District of South Dakota.

Plaintiff appears to grasp the disconnect between the parties and the state of Wisconsin because he has filed motions for "change of venue" in each case, arguing that the actions should be heard in this court because the United States Court of International Trade is holding judicial misconduct hearings regarding the United States District Court for the District of South Dakota. However, plaintiff does not explain why this court may exercise personal jurisdiction over defendants. Moreover, it is not for this court to decide whether the judges in the District of South Dakota should recuse themselves in plaintiff's cases. If plaintiff believes that a judge cannot hear his cases in a fair and unbiased fashion, he is free to file a motion for disqualification of that judge.

ORDER

IT IS ORDERED that these cases are TRANSFERRED to the United States District Court for the District of South Dakota.

Entered this 13th day of September, 2011.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5